NATALIE L. DENNES, APPELLANT, V. TIMOTHY F.
DUNNING, SHERIFF OF DOUGLAS COUNTY,
NEBRASKA, ET AL., APPELLEES.
719 N.W.2d 737

Filed August 15, 2006. No. A-05-182.

Natalie L. Dennes, pro se, and on brief, David L. Herzog, of Herzog & Herzog, P.C., and Kathy Pate Knickrehm for appellant.

Stuart J. Dornan, Douglas County Attorney, and Theresia M. Urich for appellees.

IRWIN, MOORE, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Natalie L. Dennes appeals an order of the district court for Douglas County, Nebraska, which, inter alia, dismissed Dennes' claim pursuant to 42 U.S.C. § 1983 (2000) on the defendants' motion for judgment on the pleadings. Because we find that the district court's order includes findings not supported by the pleadings, we modify the order. We affirm the district court's order as modified.

## II. BACKGROUND

### 1. PROCEDURAL BACKGROUND

On March 30, 2004, Dennes filed a complaint in district court. Dennes named as defendants Douglas County Sheriff Timothy F. Dunning, various John Does who were alleged to be deputy sheriffs, and Douglas County. Dennes sought judgment against the various defendants on the basis of Neb. Rev. Stat. § 28-926 (Reissue 1995); 42 U.S.C. § 1983; U.S. Const. amends. IV, V, and XIV; and Neb. Const. art. I, §§ 1 and 25.

Dennes alleged that on or about December 13, 2003, six deputy sheriffs "mandated [her] to open the door [of her residence] immediately or have it broken and dislodged violently in order [for the deputies] to gain entry." Dennes alleged that at the time, she "had just concluded a bath and had only a towel on her person." Dennes alleged that she opened the door and asked the deputies whether they possessed a warrant. Dennes alleged that "[a] piece of paper held by one of the deputies was displayed to [Dennes] but [Dennes] was not permitted to read it or have a copy." Dennes alleged that "[a]ll of the entering [deputies] were

male persons but did not wear police uniforms" and that the deputies "refused" to provide Dennes with their names.

Dennes alleged that the deputies informed her that they had a warrant for Dennes' arrest, for driving while her license was suspended. Dennes alleged that the male deputies followed her "to her upstairs residence where she kept and maintained her clothes" and that "[a]ll deputies left the room in which [Dennes] was to clothe herself but one male deputy remained while [Dennes] replaced her towel with clothing." Dennes alleged that she "was not permitted to clothe herself in privacy and was subjected to the humiliation, degradation and insult of having to disrobe and exhibit her naked body to a deputy sheriff, a male person," and that "[n]o exigencies existed preventing the arresting agents to have a female officer present when [Dennes] disrobed."

Dennes specifically alleged, "The deputies involved in the foregoing were acting within the scope of their employment by and under the jurisdiction of the Douglas County Sheriff . . . ." Dennes further specifically alleged, "The [defendants] are public servants or peace officers who, by color of or in the execution of their office, designedly, willfully or corruptly injured, harmed and oppressed [Dennes] or attempted to harm, injury [sic] or oppress [Dennes], and is [sic] liable in treble damages to [Dennes]."

On April 14, 2004, Dunning and Douglas County filed an answer, generally denying "each and every allegation contained within [Dennes'] Complaint except those allegations which constitute admissions against [Dennes'] interests." In addition, the answer included various "affirmative defenses," including that Dennes had failed to state a cause of action upon which relief could be granted, that the alleged actions "were reasonably re-lated to the legitimate security interests of the defendants," and that Dennes had "failed to set forth a claim involving policy or custom on the part of Douglas County."

On July 1, 2004, the defendants filed a motion for judgment on the pleadings. They alleged that Dennes had failed to allege facts sufficient to state a cause of action pursuant to § 1983, the U.S. Constitution, the Nebraska Constitution, and § 28-926. The defendants also affirmatively alleged, "These defects cannot be cured by amendment."

On December 9, 2004, the district court entered an order. The order specifically indicates that "[o]n the 16th day of August, 2004, the parties appeared by counsel for a hearing on the Defendants' motion for judgment on the pleadings. The motion was taken under advisement." The order does not indicate that the court received or considered any matters outside the pleadings in disposing of the motion. In the order, the court ultimately found that Dennes failed to state a cause of action pursuant to § 1983, the U.S. Constitution, the Nebraska Constitution, or § 28-926. The court further specifically found that Dennes "by amendment cannot cure the defects upon which this order is based" and, therefore, dismissed Dennes' complaint with prejudice.

With respect to Dennes' § 1983 claim, the court found that Dennes' U.S. Constitutional rights were not violated and that the conduct of the deputies resulted from legitimate security interests. The court also made the following finding concerning Dennes' allegation that her 14th Amendment rights were violated because a female deputy was not available and Dennes was required to dress in the presence of a male officer:

> Contrary to [Dennes'] allegations the Court finds that there is a legitimate governmental interest in the Douglas County Sheriff's practice of sex-neutral arresting units insofar as said policy actually protects the Fourteenth Amendment rights of deputies and deputy applicants and, therefore, that [Dennes'] Fifth Amendment rights were not violated.

### 2. RECORD ON APPEAL

The record presented to us on appeal consists only of a transcript. We note that Dennes filed a praecipe requesting a bill of exceptions to include "any testimony, proceedings, exhibits or documents utilized in the adjudication of these proceedings." However, a certificate from the clerk of the Douglas County District Court certifies that there was no record made of any proceedings in this case.

Additionally, the transcript includes a document captioned "Plaintiff's Rule 12 Submission." The document purports to submit to the district court various responses to discovery requests. As noted above, the court did not indicate in its order ruling on the motion for judgment on the pleadings that any matters outside the pleadings were received or considered by the court,

and the absence of a bill of exceptions suggests that no evidence was ever formally offered to the court. See Neb. Ct. R. of Prac. 5 (rev. 2006).

### III. ASSIGNMENT OF ERROR

Dennes' sole assignment of error on appeal is that "[t]he district court erred in finding that Dennes had failed to state a claim under 42 U.S.C. § 1983 of the defendants' deprivation of her constitutional rights under color of law."

### IV. ANALYSIS

We initially note that Dennes' complaint in the district court alleged a number of causes of action and included apparent violations of U.S. and Nebraska Constitutional rights and state statutory rights, in addition to her cause of action under § 1983. The district court found, with respect to each, that Dennes failed to state a cause of action. Dennes has raised on appeal only the district court's finding concerning § 1983, and the other causes of action raised in the complaint are not before this court.

Dennes alleges on appeal that the district court erred in finding that she failed to state a claim for relief under § 1983 because the actions of the deputies, as alleged in her complaint, amounted to, inter alia, violations of her privacy rights and her right to be free from unreasonable seizure. The defendants argue on appeal that the district court properly found that Dennes failed to state a claim because she failed to allege any official policy or custom of Douglas County which led to the alleged deprivation of her rights. We agree with the defendants.

#### 1. STANDARD OF REVIEW

The defendants indicated in their motion for judgment on the pleadings that the motion was filed "under Neb.R.Civ.P. 12(b)(6), 12(g), [and] 12(h)(2)." Neb. Ct. R. of Pldg. in Civ. Actions 12(c) (rev. 2003) provides for a judgment on the pleadings to be filed after the pleadings are closed.

Technically, a rule 12(b)(6) motion cannot be filed after an answer has been submitted, but rule 12(h)(2) provides that a defense of failure to state a claim upon which relief may be granted may be set forth in a motion for judgment on the pleadings. See *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir.

1990). The distinction between rule 12(b)(6) motions and rule 12(c) motions for judgment on the pleadings is largely formal, however, because rule 12(c) motions are reviewed under the standard of review that governs rule 12(b)(6) motions. See *Westcott v. City of Omaha, supra.*

 Whether a complaint states a cause of action is a question of law, to be reviewed on appeal de novo. *Id.* A motion seeking dismissal of a complaint for failure to state a cause of action should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. See *id.* Well-pled factual allegations in the complaint must be assumed to be true, and the complaint and all reasonable inferences arising therefrom must be construed most favorably to the pleader. See *id.*

### 2. § 1983

 In order to state a cause of action under § 1983, a plaintiff must allege facts establishing conduct by a person acting under color of state law which deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Rush v. Wilder,* 263 Neb. 910, 644 N.W.2d 151 (2002). In relevant part, § 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

*Martin v. Curry,* 13 Neb. App. 171, 177, 690 N.W.2d 186, 193 (2004).

 In *Hafer v. Melo,* 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), the U.S. Supreme Court specifically addressed the concepts of personal- and official-capacity suits brought under § 1983. The Court emphasized that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent, and it held that suits against governmental agencies should be treated as suits against the governmental entity. Personal-capacity suits, on the

other hand, seek to impose personal liability upon government officers. *Hafer v. Melo, supra.* Further, the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device and turns on the capacity in which state officials are sued, not on the capacity in which they acted when injuring the plaintiff. See *id.*

In *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985), the U.S. Supreme Court set forth detailed guidelines for distinguishing between personal- and official-capacity suits. The Court held that as long as the governmental entity receives notice and the opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the governmental entity. It is not a suit against the official personally, because the real party in interest is the governmental entity. *Id.*

In the present case, Dennes named a number of officials as defendants, including Dunning and six "John Does," in addition to naming Douglas County as a governmental entity defendant. The content of Dennes' complaint indicates that the officials were all sued in their official capacity, not in their personal capacity, as they were all sued for official duties and conduct. Dennes specifically alleged, "The deputies involved in the foregoing were acting *within the scope of their employment by and under the jurisdiction of the Douglas County Sheriff . . . .*" (Emphasis supplied.) Dennes further specifically alleged, "The [defendants] are public servants or peace officers who, by color of or in the execution of their office, designedly, willfully or corruptly injured, harmed and oppressed [Dennes] or attempted to harm, injury [sic] or oppress [Dennes], and is [sic] liable in treble damages to [Dennes]." As such, it is apparent from Dennes' complaint that her § 1983 claim in this case was an official-capacity suit.

On the merits, to establish liability in a personal-capacity suit under § 1983, it is enough to show that the official, acting under color of state law, caused the deprivation of some federal right. See *Kentucky v. Graham, supra.* More is required in an official-capacity suit, however; a governmental entity is liable under § 1983 only when the governmental entity is a moving force behind the deprivation, where the governmental entity's

policy or custom has played a part in the violation of federal law. *Id.* As such, a local government cannot be held liable under § 1983 solely because of injury inflicted by its employees or agents; rather, it can be liable only when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *Rush v. Wilder*, 263 Neb. 910, 644 N.W.2d 151 (2002). See, also, *DeCoste v. City of Wahoo*, 255 Neb. 266; 583 N.W.2d 595 (1998).

In the present case, a review of Dennes' complaint makes clear that Dennes failed to make any allegations that any official policy or custom of Douglas County was the moving force behind the alleged deprivation of her federal constitutional rights. Dennes' complaint includes no reference to any Douglas County policy or custom whatsoever. A review of Dunning and Douglas County's answer reveals that they specifically pled that Dennes had failed to allege any official policy or custom on Douglas County's part. On the pleadings presented, Dennes failed to state a claim against Douglas County (and the other defendants in their official capacities) because she failed to allege any official policy or custom which inflicted the alleged injuries or deprivations of federal rights.

The district court's order specifically found that Dennes failed to state a claim under § 1983 because her allegations failed "to state facts which show her constitutional rights were violated under color of law." The court, however, also made a specific finding that "there is a legitimate governmental interest in the Douglas County Sheriff's practice of sex-neutral arresting units." We find no support anywhere in the pleadings for a finding that Douglas County has any such policy or custom, as neither the complaint nor the answer makes reference to any such policy or custom. Further, as noted above, the record does not indicate that the court received any material outside these two pleadings for consideration on the motion for judgment on the pleadings. Finally, although we have concluded above that Dennes' "Rule 12 Submission" was never properly offered, received, or considered by the district court in consideration of the motion for judgment on the pleadings, we note that a review of that document further does not include any support for the notion that Douglas

County has any such policy or custom of "sex-neutral arresting units." As such, we modify the district court's order of dismissal to strike the district court's reference to such a policy or custom.

### 3. Opportunity to Amend

As noted above, the district court's order of dismissal includes a specific finding that Dennes "by amendment cannot cure the defects upon which [the dismissal] order is based." The record presented does not indicate that Dennes ever sought leave to amend her complaint to remedy the defect in pleading. On appeal, Dennes has not assigned as error the district court's finding that amendment could not cure the defect in her complaint, and her brief on appeal never makes mention of the court's finding or argues for any right to amend.

Nebraska's new rules of pleading apply to "civil actions filed on or after January 1, 2003." Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2003). See, also, *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004). Prior to that date, the relevant procedural vehicle for challenging whether the pleadings stated a cause of action was the demurrer. See *id.* See, also, Neb. Rev. Stat. § 25-806 (Reissue 1995). In the context of demurrers, the longstanding and oft-cited rule was that "[w]hen a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect." *Kubik v. Kubik*, 268 Neb. at 342-43, 683 N.W.2d at 335.

When Nebraska statutes provided for the filing of a demurrer, the statutes also specifically provided a party the right to amend his or her pleading if a demurrer was sustained and if the defect could be remedied by way of amendment. See Neb. Rev. Stat. § 25-854 (Reissue 1995). Nebraska's new rules of pleading include rule 12(b)(6), which authorizes a motion alleging that the complaint fails to state a claim upon which relief can be granted; rule 12(c), which authorizes a motion for judgment on the pleadings; and rule 12(h)(2), which authorizes the bringing of a defense of failure to state a claim by way of pleading or motion or at trial. There is no specific rule in the new rules of pleading comparable to § 25-854, providing a right to amend if the court sustains a challenge to the sufficiency of the complaint to state

a claim upon which relief can be granted. Although Neb. Ct. R. of Pldg. in Civ. Actions 15 (rev. 2003) provides authority for the trial court to allow amendment after a responsive pleading has been filed, rule 15(a) specifies that such may be done "only by leave of court or by written consent of the adverse party."

In the present case, then, we are presented with a situation where the trial court specifically found that amendment could not cure the pleading defect, where Dennes did not seek leave to amend and has not assigned as error or argued as error the trial court's finding that amendment could not cure the defect, and where it no longer appears that any specific statute or court rule seems to provide a right to amend. Indeed, Dennes' assignment of error on appeal does not even directly challenge the district court's dismissal of her § 1983 claim, which would arguably support an inference that the court erred in finding that amendment could not cure the defect. Rather, Dennes has chosen to very specifically challenge the district court's finding that her complaint failed to state a claim under § 1983.

On the specific facts of this case, we decline to find plain error in the court's finding that amendment could not cure the pleading defect. We note that even under Nebraska's former system of demurrers, the Nebraska Supreme Court did not uniformly hold that failure to grant an opportunity to amend was reversible error if the adverse party failed to make an effort to seek leave to amend. See *Suzuki v. Gateway Realty of America*, 207 Neb. 562, 299 N.W.2d 762 (1980) (holding that where court was silent on matter of leave to amend and plaintiffs made no effort to amend, Nebraska Supreme Court could only conclude that plaintiffs could not see any manner in which to amend petition to allege cause of action). But see *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990) (holding that trial court abused its discretion in not providing for leave to amend where plaintiffs at no time requested leave to amend). But see, also, *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) (noting that in Third Circuit, complaints vulnerable to federal rule 12(b)(6) dismissal should not be dismissed without allowing amendment even when plaintiff does not seek leave to amend). Thus, in this case, where Dennes did not seek leave to amend pursuant to rule 15 and has not raised,

either by assignment or argument, any appellate issue with the district court's finding that Dennes' defective pleading could not be remedied by amendment, we decline to address whether amendment could cure the defect or whether Dennes might have been entitled to leave to amend if she had sought such.

## V. CONCLUSION

We modify the district court's order of dismissal to remove any reference to a specific policy or custom of Douglas County concerning "sex-neutral arresting units," as such policy is not apparent from any of the pleadings in the record. We affirm the district court's order of dismissal as modified.

AFFIRMED AS MODIFIED.