747 N.W.2d 452 (2008)
16 Neb. App. 618
Alice TOLBERT and Chaz Tolbert, Personal Representatives of the Estates of Victoria Lynn Tolbert Burgess and Tisha Cassandra Tolbert, et al., Appellants,
v.
OMAHA HOUSING AUTHORITY, a political subdivision, et al., appellees.
No. A-06-1065.
Court of Appeals of Nebraska.
April 1, 2008.
*454 Sheri E. Cotton for appellants.
Thomas A. Grennan and Francie C. Riedmann, of Gross & Welch, P.C., L.L.O., Omaha, for appellee Omaha Housing Authority.
SIEVERS, CARLSON, and MOORE, Judges.
CARLSON, Judge.

INTRODUCTION
Alice Tolbert and Chaz Tolbert, individually and as personal representatives of the estates of Victoria Lynn Tolbert Burgess and Tisha Cassandra Tolbert, and John Tolbert, as guardian ad litem on behalf of Rictavianna Tolbert, a minor child (collectively referred to as "the plaintiffs"), appeal from an order of the district court for Douglas County granting a motion to dismiss the plaintiffs' amended complaint for failure to state a cause of action filed by the Omaha Housing Authority (OHA). On appeal, the plaintiffs allege that the *455 trial court erred in determining that a federal statute controls a state's power to protect the health, safety, and welfare of its citizens, in finding that the sole cause of the injury to the plaintiffs was an unforeseeable criminal act, and in dismissing the plaintiffs' complaint. For the reasons set forth below, we affirm.

BACKGROUND
On January 23, 2006, the plaintiffs filed their amended complaint against OHA and "Mr. Jamison and Mrs. Jamison," doing business as Jamison Realty. The plaintiffs alleged that on April 5, 2003, Victoria Lynn Tolbert Burgess and Tisha Cassandra Tolbert (Tolbert) resided in a large two-story, single-family dwelling in Douglas County as tenants pursuant to a federal housing subsidy program commonly known as Section 8. The plaintiffs alleged that OHA is the administrator of Section 8 housing and that the Section 8 program requires property owners who participate in the Section 8 program to provide safe housing. The plaintiffs also alleged that Section 8 prohibits OHA from contracting with a property owner if the property sought to be leased by the owner is unsanitary or unsafe.
The plaintiffs stated that at the time of a fire in the dwelling where Tolbert and Burgess lived, the first floor had a door at the back of the property, the front of the property had a closed-in porch, and the front door had been removed. Previously, there had also been a door on the second floor, leading to outside stairs from one of the bedrooms. However, that door had been boarded shut and the stairs had been removed. The plaintiffs also alleged that both Tolbert and Burgess were disabled.
The plaintiffs alleged that on April 5, 2003, an arsonist started the aforementioned fire and the fire blocked the only door leading out of the dwelling. Tolbert and Burgess "perished as a result of the fire, Burgess near the walled up door at the front of the dwelling and [Tolbert] near the boarded-up door in the second floor bedroom." The plaintiffs made several allegations against Jamison Realty, but because this appeal does not directly involve Jamison Realty, we will not repeat those allegations here.
The plaintiffs alleged that the act of OHA in permitting the use of the property as rental property under Section 8 and further continuing to permit the property to be used as rental property under Section 8 was a willful, reckless disregard of the safety of Tolbert and Burgess; members of the public who were their guests, invitees; licensees; and any other person who may enter the premises, for the following reasons:
a. [OHA] was charged with the duty of inspecting the property and insuring it was safe and sanitary[.]
b. [OHA] was charged with the duty of insuring that in the event of a fire, the tenants had adequate emergency exits[.]
c. [OHA] knew that the parties living in the home were disabled persons.
d. [OHA] knew that at one time the property had a front and back entrance and another entrance on the second floor of the property, for a total of three entryways.
e. [OHA] knew on the date of the last annual inspection the property had only one usable entryway and that entryway was located on the rear of the property.
f. [OHA] knew that if a fire blocked the stairs, or the pathway to the only door, the persons in the front of the house and on the second floor would not be able to escape the fire.
g. [OHA] had the power and authority to either require the landlord to make *456 the property safe or to move [Tolbert and Burgess] to a residence that was safe and sanitary.
h. With reckless indifference to the consequences of the inadequate fire exits[,] and with consciousness that the failure to have [adequate exits] would probably cause serious injury or death, [OHA] took no action to insure [Tolbert's and Burgess'] fire safety.
The plaintiffs also alleged that they had complied with Nebraska's Political Subdivisions Tort Claims Act. The plaintiffs brought three causes of action against OHA and Jamison Realty, the first for wrongful death, the second for predeath injuries and damages, and the third for funeral and medical expenses.
On February 1, 2006, OHA filed a motion to dismiss the plaintiffs' action pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003), stating that the plaintiffs' amended complaint fails to state a claim upon which relief may be granted. OHA also moved to dismiss the plaintiffs' complaint pursuant to rule 12(b)(7) for failure to join a necessary party, more specifically the party who started the fire.
A hearing on OHA's motion was held on March 9, 2006. On April 20, the trial court granted OHA's motion to dismiss under rule 12(b)(6). Specifically, the court found that even if it construed all of the allegations in the plaintiffs' complaint in their favor and assumed that OHA was negligent, federal law "clearly states that the [plaintiffs] have no private right to bring an action against OHA to recover damages." The trial court also concluded as a matter of law that the arsonist's criminal act was an efficient intervening cause precluding the court from determining whether any alleged negligence by OHA proximately caused Tolbert's and Burgess' deaths. The trial court did not address whether the plaintiffs failed to join a necessary party. The trial court dismissed the plaintiffs' claims against OHA with prejudice. The plaintiffs appeal.

ASSIGNMENTS OF ERROR
On appeal, the plaintiffs assign that the trial court erred (1) in determining that a federal statute controls a state's power to protect the health, safety, and welfare of its citizens and (2) in finding that the sole cause of the injury to the plaintiffs was an unforeseeable criminal act and in dismissing the plaintiffs' complaint.

STANDARD OF REVIEW
A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. See Washington v. Conley, 273 Neb. 908, 734 N.W.2d 306 (2007). Whether a complaint states a cause of action is a question of law, to be reviewed on appeal de novo. Dennes v. Dunning, 14 Neb.App. 934, 719 N.W.2d 737 (2006). A motion seeking dismissal of a complaint for failure to state a cause of action should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Id.

ANALYSIS
On appeal, the plaintiffs argue that the trial court erred in determining that a federal statute controls a state's power to protect the health, safety, and welfare of its citizens.
Neb.Rev.Stat. § 13-910(3) (Cum. Supp. 2006) states that the Political Subdivisions Tort Claims Act shall not apply to
[a]ny claim based upon the failure to make an inspection or making an inadequate or negligent inspection of any *457 property other than property owned by or leased to such political subdivision to determine whether the property complies with or violates any statute, ordinance, rule, or regulation or contains a hazard to public health or safety unless the political subdivision had reasonable notice of such hazard or the failure to inspect or inadequate or negligent inspection constitutes a reckless disregard for public health or safety.
The plaintiffs contend that their amended complaint set out facts sufficient to show that OHA's actions in the instant case constituted a reckless disregard for public health or safety under § 13-910(3) and that therefore, they are not barred from bringing a claim against OHA under state law. OHA argues, and the trial court agreed, that federal, not state, law applies because the plaintiffs alleged that OHA had a legal duty to protect Tolbert and Burgess under the federal statutes and regulations governing Section 8 rental properties.
As the trial court stated, the Department of Housing and Urban Development (HUD) Section 8 subsidy program is established under federal law and its purpose is to help low-income families obtain "decent, safe and sanitary housing" by subsidizing rent payments. 24 C.F.R. § 982.1(a)(1) (2007). The program is administered by a state or local government agency such as OHA, and the federal government provides funding to the local agencies to provide the subsidy payments. See, generally, id.
The HUD Section 8 subsidy program allows a housing authority to contract with private landowners to make rental properties available for eligible tenants. Landowners are required to meet certain housing quality standards for "safe and habitable housing," and a housing authority is required to inspect any property offered for rental under the Section 8 program to determine whether it meets the housing quality standards. See 42 U.S.C. § 1437f(o)(8)(A) and (B) (Supp. V 2005). Federal regulations set forth the housing quality standards, which consist of certain performance and acceptability requirements for key aspects of housing quality. See 24 C.F.R. § 982.401(a)(2) (2007).
The regulations specifically state that they do not
create any right of the family, or any party other [than] HUD or the [public housing authority], to require enforcement of the [housing quality standards] requirements by HUD or the [public housing authority], or to assert any claim against HUD or the [public housing authority], for damages, injunction or other relief, for alleged failure to enforce the [housing quality standards].
See 24 C.F.R. § 982.406 (2007).
Nebraska has yet to decide whether a Section 8 tenant may bring an action against a public housing authority for failure to inspect rental properties and enforce the housing quality standards. Other jurisdictions have held that even if state law provides for suit against a public housing authority under these facts, federal law preempts state law and bars a private right of action against a public housing authority.
For example, in Housing Auth. of City of South Bend v. Grady, 815 N.E.2d 151 (Ind.App.2004), the roommate of a tenant who received Section 8 tenant-based assistance from a city housing authority brought an action against the owner of the residence and the housing authority, the action arising out of an incident in which the roommate fell through the upstairs floor of the residence and sustained injuries. The housing authority filed a motion *458 for summary judgment, and the trial court overruled the motion.
The housing authority appealed, and the Indiana Court of Appeals held that the Indiana statute providing that the housing authority could sue and be sued was preempted by a federal regulation providing that the regulatory scheme governing Section 8 housing does not give rise to a private right of action against a public housing authority. In doing so, the court stated:
Congress obviously carved out this specific area to be governed by the federal regulation rather than state or local law. This is evidenced by the fact that 24 C.F.R. § 982.406 was enacted without comment and by the clear, unambiguous language used to draft the regulation. See Dept. of Housing and Urban Development, 60 Fed.Reg. 34,660, 34,680 (1995). Thus, the history of the enactment of § 982.406, as well as the text of the regulation, evince the clear intent of Congress to preempt state and local law with regard to the enforcement of the [housing quality standards].
Grady, 815 N.E.2d at 157.
The Indiana Court of Appeals then turned to the basis of the roommate's claims against the housing authority, which consisted of improper inspection of the residence, failure to identify structural issues and ensure their correction, failure to enforce its own policies regarding Section 8 housing, and failure to warn of structural defects. After reviewing the roommate's claims, the court concluded that each of the roommate's claims related to the roommate's attempt to enforce the housing quality standards of the Section 8 housing assistance program. Therefore, the court held that all of the roommate's claims were preempted by federal law pursuant to § 982.406. See, also, Kent v. Epherson, 864 So.2d 708 (La.App.2003) (affirming trial court's dismissal of plaintiffs' cause of action against housing authority for failure to state cause of action and holding that plaintiffs could not recover against housing authority following act of arson at apartment complex that took lives of four individuals, because no private action existed against housing authority for alleged failure to comply with requirements of Section 8 housing quality standards); Rivera v. Village of Spring Valley, 284 A.D.2d 521, 727 N.Y.S.2d 458 (2001) (holding that plaintiffs could not recover damages against housing authority for injuries resulting from lead poisoning because statutory and regulatory scheme governing Section 8 housing does not give rise to private cause of action against public housing authority).
In the instant case, the trial court sustained OHA's motion to dismiss the plaintiffs' complaint under rule 12(b)(6) after concluding that the plaintiffs' amended complaint "essentially seeks relief from OHA, the public housing authority, for its failure to enforce the Housing Quality Standards." The court explained, "This type of action is specifically barred by federal regulation. See 24 C.F.R. § 982.406."
In their amended complaint, the plaintiffs allege that the act of OHA in permitting the use of the property as rental property under Section 8 and further continuing to permit the property to be used as rental property under Section 8 was a willful reckless disregard of the safety of Tolbert and Burgess and members of the public because OHA failed to inspect the property; failed to ensure that the tenants had adequate emergency exits, especially those tenants with disabilities; failed to require the landlord to make the property safe or to move Tolbert and Burgess to a residence that was safe and sanitary; and failed to take action to ensure Tolbert's and Burgess' safety in the event of a fire.
*459 After reviewing these allegations de novo, we conclude that all of these allegations are based on OHA's failure to comply with the housing quality standards regulations under § 982.406. Therefore, even if we accept all of the plaintiffs' allegations in their complaint as true and draw all reasonable inferences in favor of the plaintiffs, federal law clearly states that the plaintiffs have no private right to bring an action against OHA to recover damages. We hold that the federal law regarding Section 8 housing was clearly meant to be overriding and that therefore, federal law preempts any Nebraska law on the matter. Therefore, under Nebraska law, a Section 8 tenant may not bring an action against a public housing authority for failure to inspect rental properties and enforce the housing quality standards.
In summary, it appears beyond a doubt that the plaintiffs cannot prove any set of facts which would entitle them to relief. See Dennes v. Dunning, 14 Neb.App. 934, 719 N.W.2d 737 (2006). Therefore, the trial court did not err in granting OHA's rule 12(b)(6) motion to dismiss for failure to state a cause of action.

CONCLUSION
After reviewing the record, we conclude that the trial court did not err in determining that the federal rules governing Section 8 housing bar a private cause of action against a public housing authority. Because of our holding, we find it unnecessary to determine whether the sole cause of the injury to the plaintiffs was an unforeseeable criminal act. The trial court's order dismissing the plaintiffs' amended complaint with prejudice is affirmed.
AFFIRMED.