**In re the PITTSBURGH AND LAKE ERIE RAILROAD CO. SECURITIES AND ANTITRUST LITIGATION.**

**M. D. L. Docket No. 134, Civ. A. Nos. 73–2382, 73–2761.**

United States District Court, E. D. Pennsylvania.

March 13, 1975.

Victor Wright, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiffs Edward S. Bristol and others and Mary S. Crowell and others.

Frederick N. Egler, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Pittsburgh & Lake Erie Railroad Co.

Gilbert J. Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for John M. Balliette, R. W. Carroll, Henry G. Allyn, Jr., Edwin Hodge, Jr., C. E. LeSuer, Gordon E. Neuenschwander, R. W. Packer, Willard F. Rockwell, Andrew Van Pelt and Francis Cameron.

Philip H. Strubing, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for William P. Snyder, III and W. Cordes Snyder, Jr.

Joseph Neff Ewing, Jr., Philadelphia, Pa., for Allison R. Maxwell, Jr.

Thomas M. Kittredge, Morgan, Lewis & Bockius, Philadelphia, Pa., for The Fidelity Bank, Walter H. Geer, K. M. Phillips and T. F. O'Connell.

Eben H. Cockley, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for National City Bank of Cleveland, Ohio, John N. Eustis, Thomas F. Harvey, Edward G. Seaman and Jay Mennell.

Lewis H. Van Dusen, Jr., Drinker, Biddle & Reath, Philadelphia, Pa., for Paul A. Gorman.

Mahlon F. Perkins, Jr., Donovan, Leisure, Newton & Irvine, New York City, for Curtis D. Buford and Allan P. Kirby, Jr.

Thomas B. Rutter, Philadelphia, Pa., for A. E. Perlman.

Joseph J. Connolly, Goodman & Ewing, Philadelphia, Pa., for Theodore A. Verlander, Jr. and Robert W. Loder.

John J. McCarty, Raynes, McCarty & Binder, Philadelphia, Pa., for John H. Shaffer.

J. Howe Brown, Fairfax, Va., for Thomas M. Evans.

Co-counsel Neil G. Epstein, Philadelphia, Pa., for Verlander & Loder.

## MEMORANDUM OF DECISION

GORBEY, District Judge.

Plaintiffs have filed a motion for an order that plaintiffs have standing to maintain the derivative actions in the above-captioned cases, the first being an Ohio case and the second a Virginia case.

In the other five antitrust cases consolidated for pretrial purposes by the Multidistrict Panel, No. 72–2479, No. 73–2353, No. 73–2554, No. 73–2413, No. 73–2483, defendants, including The Fidelity Bank in No. 72–2479, moved to dismiss the derivative actions on behalf of P&LE on the ground that plaintiffs lack standing to maintain such action since no separate demand had been made upon the directors of P&LE to sue themselves and others for violations of the Clayton Act.

On January 8, 1974, in Order No. 2, this court denied such motions, thereby deciding that plaintiffs had alleged facts sufficient to enable them to maintain a derivative action.

In the Memorandum of Decision accompanying the Order, the court pointed out that under certain circumstances derivative actions may be maintained even in the absence of a demand upon directors. On page 3 of the Memorandum accompanying the Order it is written:

"In the case *sub judice*, demand for suit was made of the directors in a companion case, Crowell, et al. v. Pittsburgh and Lake Erie RR Co., et al., (Civil Action No. 72–1408). That case, while a securities action, arises from the set of facts that form the basis for these antitrust actions. The antitrust actions were filed as a result of the discovery in Civil Action No. 72–1408. Before Civil Action No. 72–1408 was filed, defendant Pittsburgh and Lake Erie RR Co., through its Vice President and general counsel, advised the plaintiff that 'an extensive investigation' had been made by its law firm, who concluded that 'no justification exists for the assertion of a claim against any present or former director, either by reason of the loans made to the Penn Central Transportation Company, or by reason of other matters to which reference is made in your letter'. The plaintiffs were further advised that each of the directors had made an independent evaluation of the law firm's report, and instructed the general counsel to advise the plain-

tiffs that the directors had decided against assertion of the proposed demands. We note that neither in *Landy* nor in In Re Kauffman Mutual Fund Actions had there been *any* attempt to obtain corporate action prior to the filing of the derivative suit.

"While separate demand was not made before a Civil Action No. 72–2479 was filed (and no separate demand was made before the filing of each of the other suits which have been consolidated for pretrial purposes within this district), we believe that the demand which was made before the filing of Civil Action No. 72–1408 was sufficient to effectuate the purposes of Rule 23.1 and afford the directors an opportunity to act. To require further demand would serve no practical purpose other than delay. Accordingly, the motion to dismiss the derivative action will be denied."

In other words, the decision was that the plaintiffs in all five cases did have standing to sue derivatively.

■ Thus, the situation as it affects the Ohio defendants, including the National City Bank, in No. 73–2761, is exactly the same as it was prior to January 8, 1974 with respect to the defendants, including The Fidelity Bank, in Civil Action No. 72–2479, as well as the defendants in the other four cases.

Defendants' counsel in the Ohio case, No. 72–2382, argues that:

"The question is not the same in the Ohio action for the directors would not have been asked to sue themselves. They would have been asked to sue an Ohio national bank, with whom the P&LE had no banking affiliation, on an antitrust claim which the directors had not previously considered."

The short answer to that is that under the allegations of the complaint, any suit against the Ohio bank would also require a suit against the directors. Of course, in such a situation a demand would be a futile act.

While the Ohio defendants have not moved to dismiss the derivative action

in Civil Action No. 73–2382, it is obvious from the Memorandum of Decision accompanying the January 8, 1974 Order No. 2, that such a motion would be denied. It is appropriate therefore, that pretrial issues be resolved before remand to the transferor districts so that there will be uniformity among all the antitrust cases.

With respect to Civil Action No. 73–2761, as indicated in the response of Thomas M. Evans to the plaintiffs' motion, the Virginia court ruled that the plaintiffs did have standing to sue in their own names as well as derivatively.

Subsequently to that Order the case was transferred to this district by the Multidistrict Panel. Only with respect to the standing to sue in their own names is there any variance from the ruling of this court in its January 8, 1974 Order No. 2.

■ The necessary and desirable uniformity with respect to all pretrial issues can only be achieved by an order directing that all orders of this court, including that of January 8, 1974, be made a part of the record in Civil Action No. 73–2382, and Civil Action No. 73–2761, and that orders of this court become the law of both cases.