WAYNE KUBIK, INDIVIDUALLY AND AS A REPRESENTATIVE OF SAND CREEK FARMS, INC., APPELLANT, V. MARVIN KUBIK AND SHARON THOMPSON, APPELLEES.

683 N.W.2d 330

Filed July 9, 2004.   No. S-03-765.

John H. Sohl and Jaron J. Bromm, Senior Certified Law Student, of Edstrom, Bromm, Lindahl, Sohl & Freeman-Caddy, for appellant.

Michael A. Nelsen, of Hillman, Forman, Nelsen, Childers & McCormack, for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

STEPHAN, J.

Wayne Kubik (Kubik) appeals from an order of the district court for Saunders County dismissing a derivative action he brought on behalf of Sand Creek Farms, Inc. (SCF), against his brother and sister who are the majority shareholders and directors of the corporation.

## BACKGROUND

On December 3, 2002, Kubik commenced this derivative action on behalf of SCF against the majority shareholders and directors of SCF, Marvin Kubik and Sharon Thompson (collectively the defendants). In response to the original petition, the defendants filed an answer asserting various defenses,

including the insufficiency of the alleged demand made upon them by Kubik. Kubik filed a reply generally denying the defenses asserted in the answer. The defendants then filed a motion for summary judgment. In the district court's ruling on this motion, it noted that the action had been commenced under the code pleading rules which existed in this state prior to January 1, 2003, and that under those rules, our cases held that a motion for summary judgment was an inappropriate method for challenging the sufficiency of the pleadings. Accordingly, the district court treated the motion as a demurrer, sustained the demurrer, and granted Kubik leave to amend. Kubik then filed a first amended petition which is his operative pleading. We summarize here the factual allegations contained therein.

SCF was funded, organized, and incorporated by Edward and Blanche Kubik, husband and wife, in 1976. Edward died February 21, 1979, and Blanche died March 27, 1997. Kubik, Marvin Kubik, and Sharon Thompson are their only children. Marvin Kubik is a director of SCF and was elected as its president on or about March 19, 1998. Sharon Thompson is now and at all relevant times has been the secretary and treasurer of SCF. SCF has not held regular meetings of its shareholders, officers, or board of directors since before Blanche's death.

Kubik alleged that the following individuals are shareholders of SCF:

| Shareholder | Number of Shares | Percentage of Shares |
| --- | --- | --- |
| Marvin Kubik | 16,666⅔ | 33.3 |
| Wayne Kubik | 14,612⅔ | 29.2 |
| Sharon Thompson | 13,160⅔ | 26.3 |
| Sharon Thompson (custody Vickie Thompson) | 1,240 | 2.5 |
| Duane Thompson | 1,840 | 3.7 |
| Kellie A. Weston | 1,240 | 2.5 |
| Julie L. Bose | 1,240 | 2.5 |
| | 50,000 | 100 |

Kubik further alleged on information and belief that without his prior knowledge, the number of outstanding shares was increased to 66,666⅔ shares, as evidenced by a January 1, 2002, domestic corporation occupation tax report, which is attached to the first

amended petition. The record does not disclose who owns or controls the additional 16,666⅔ shares.

More than 90 days prior to filing this action, Kubik served a written demand upon SCF to take the following actions:

1) That [SCF] remove from the Board of Directors, Marvin Kubik and Sharon Thompson;

2) That [SCF] make a full and complete accounting of all income received by the Corporation since Marvin Kubik became President;

3) That [SCF] make a full and complete accounting of all expenditures incurred for [SCF] since Marvin Kubik became President;

4) That [SCF] make a full and complete disclosure of any and all contracts entered into by [SCF] since Marvin Kubik became president;

5) That [SCF] hold regular Board of Directors Meetings;

6) That [SCF] hold regular, annual Shareholder Meetings;

7) That [SCF] bring an action against Marvin Kubik and Sharon Thompson for negligence in the administration of [SCF];

8) That [SCF] bring an action against Marvin Kubik and Sharon Thompson for disbursing Corporate funds to themselves without appropriate corporate/shareholder action;

9) That [SCF] be reimbursed for expenses incurred by said Corporation for the benefit of Marvin Kubik and Sharon Thompson without appropriate corporate/shareholder action; and

10) That Shareholder, Wayne Kubik, believes that Marvin Kubik and Sharon (Kubik) Thompson have been aware of some, if not all, of the above requests for more than ninety days; and

11) That unless an immediate restraining order is issued and/or immediate compliance with the above request is had by [SCF] irreparable harm would occur if the Corporation and/or the Shareholder(s) would await to take action.

Kubik alleged that he had requested but had not received financial information from SCF and that he was removed as the registered agent of the corporation without a directors meeting, approval of shareholders, or his consent. He alleged that the

corporation changed its name and filed new articles of incorpo-ration without a board of directors meeting, approval of the shareholders, or his consent and that the defendants have accepted improper fees from the corporation, entered into improper long-term leases, and incurred "exorbitant legal fees to the detriment of the corporation's shareholders all without Board or Shareholder approval." Kubik further alleged that the defendants were in possession and control of the business and assets of SCF, that the defendants had utilized the corporation for various improper purposes "since at least March 19, 1998," and that irreparable harm would occur if the actions he demanded were not taken. Kubik sought appointment of a receiver and other relief, including compliance with the afore-mentioned demands.

In response to the amended petition, the defendants filed a motion to dismiss. The motion requested dismissal of the action

> pursuant to [Neb. Ct. R. of Pldg. in Civ. Actions] 12(b)(6) [(rev. 2003)] for failure to state a cause of action, or in the alternative an Order for Summary Judgment herein, con-cerning the issue of whether the written demand which was the prerequisite to filing the Petition herein pursuant to Neb. Rev. Stat. §21-2072 (Reissue 1995) was legally sufficient.

At a hearing on this motion, the defendants argued that Kubik's demand was deficient. Kubik argued that the demand was legally sufficient and that he could not be more specific in his allegations because the defendants refused to hold shareholder meetings and/or give him the information he requested. The dis-trict court entered an order of dismissal, reasoning:

> In the present case, a review of the Amended Petition and the demand attached thereto, it is clear that the demand made does not comport with the requirements set forth in [*Association of Commonwealth Claimants v. Hake*, 2 Neb. App. 123, 507 N.W.2d 665 (1993)]. Whether this case is treated as one filed before the adoption of Nebraska's new civil procedure rules—in which case the matter would be treated as a Demurrer or Motion for Judgment on the Pleadings or whether it is treated as one to which the new rules would apply—in which case it would be treated as a 12(b)(6) motion, the result is the same. Plaintiff has failed to

allege that a demand, meeting the specificity requirements and giving rise to authority to sue was served upon the corporation. Given that the demand itself was attached to the Amended Petition, it appears unlikely that the Plaintiff would be able to amend the petition to cure the defect. Given this, the Amended Petition fails to state a claim. The matter is dismissed.

Kubik filed this timely appeal, which we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

### ASSIGNMENT OF ERROR

Kubik assigns, restated and consolidated, that the district court erred in dismissing the action.

### STANDARD OF REVIEW

Nebraska's new rules of pleading apply to "civil actions filed on or after January 1, 2003." Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2003). Because this action was filed prior to that date, we treat this as an appeal from an order sustaining a demurrer without leave to amend and dismissing the action.

In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Rodehorst v. Gartner*, 266 Neb. 842, 669 N.W.2d 679 (2003); *Stahlecker v. Ford Motor Co.*, 266 Neb. 601, 667 N.W.2d 244 (2003); *Regier v. Good Samaritan Hosp.*, 264 Neb. 660, 651 N.W.2d 210 (2002). In determining whether a cause of action has been stated, a petition is to be construed liberally; if, as so construed, the petition states a cause of action, the demurrer is to be overruled. *Rodehorst v. Gartner, supra*; *McCarson v. McCarson*, 263 Neb. 534, 641 N.W.2d 62 (2002); *Malone v. American Bus. Info.*, 262 Neb. 733, 634 N.W.2d 788 (2001). Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *Rodehorst v. Gartner, supra*; *Jackson v. Morris Communications Corp.*, 265 Neb. 423, 657 N.W.2d 634 (2003). When a demurrer to a petition is sustained,

a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Regier v. Good Samaritan Hosp., supra; Northwall v. State*, 263 Neb. 1, 637 N.W.2d 890 (2002).

## ANALYSIS

A derivative action is a suit brought by a shareholder to enforce a cause of action belonging to the corporation. *Sadler v. Jorad, Inc., ante* p. 60, 680 N.W.2d 165 (2004); *Association of Commonwealth Claimants v. Hake*, 2 Neb. App. 123, 507 N.W.2d 665 (1993). Normally, to maintain a derivative action, a shareholder must allege the making of a demand upon the corporation unless circumstances excuse the stockholder from making such a demand. *Sadler v. Jorad, Inc., supra.* See, *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990); *Kowalksi v. Nebraska-Iowa Packing Co.*, 160 Neb. 609, 71 N.W.2d 147 (1955); *Association of Commonwealth Claimants v. Hake, supra*; Neb. Rev. Stat. § 21-2072(1) (Reissue 1997). Kubik argues on appeal that he satisfied the demand requirement, or, in the alternative, that he was excused from making a demand because to do so would have been futile.

### WAS DEMAND LEGALLY SUFFICIENT?

Section 21-2072(1) provides:

No shareholder may commence a derivative proceeding until:

(a) A written demand has been made upon the corporation to take suitable action; and

(b) Ninety days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the ninety-day period.

The statute does not address the required substantive content of the demand, and this court has not had occasion to consider the legal sufficiency of a demand made pursuant to § 21-2072(1). However, the Nebraska Court of Appeals addressed this issue in *Association of Commonwealth Claimants v. Hake, supra.* In that case, the assignees of depositors and creditors of an insolvent industrial loan and investment company brought a derivative

action against the former directors of the company, the former general counsel, and other alleged coconspirators, to recover for alleged mismanagement and other improprieties which resulted in the insolvency. The assignees appealed from a district court order dismissing the case after granting the defendant's demurrers. The demurrers were sustained on the basis that the assignees had failed to fulfill the demand requirement. Regarding the sufficiency of the demand, the Court of Appeals stated: " 'The demand notice and request should set forth the persons to be sued, and should describe all the causes of action which it is intended to assert. The demand must clearly state the corporate wrongs complained of and should state any facts upon which its charges were based.' " *Id.* at 130, 507 N.W.2d at 669-70, quoting 13 William Meade Fletcher et al., Cyclopedia of the Law of Private Corporations § 5968 (rev. perm. ed. 1991). We agree and adopt this principle of law.

The demand considered in *Hake* stated generally that the plaintiff had " 'reasonable grounds to believe' " that he had " 'meritorious causes of action' " against " 'members and directors.' " *Association of Commonwealth Claimants v. Hake*, 2 Neb. App. at 130, 507 N.W.2d at 670 (1993). The Court of Appeals determined that the alleged demand was not legally sufficient because it failed to name specific persons or facts giving rise to the alleged causes of action and that the allegations in the demand were "mere conclusions." *Id.*

We agree with the determination of the district court in this case that the demand attached to the amended petition and incorporated by reference therein "[did] not comport with the requirements set forth in *Hake.*" Although the demand identifies the specific individuals to be sued, it provides no detail regarding the specifications of alleged negligence on the part of those individuals or the date or amounts of any alleged improper disbursements made or expenses incurred. The demand fails to state specific facts " 'upon which its charges [are] based.' " *Association of Commonwealth Claimants v. Hake*, 2 Neb. App. 123, 130, 507 N.W.2d 665, 670 (1993). See 13 Fletcher et al., *supra*, §§ 5963 and 5968 (rev. perm. ed. 1995) (demand should provide directors with sufficient information regarding relief sought and grounds for such relief so demand can be evaluated). Like the alleged

demand in *Hake*, Kubik's demand is based on mere conclusions. Accordingly, the district court did not err in finding that Kubik failed to allege the making of a demand which met the specificity requirements giving rise to authority to sue.

## WAS DEMAND EXCUSED?

■ As noted, Kubik makes an alternative argument in this appeal that he was excused from the demand requirement because demand would have been futile. We have held that a "shareholder is not required to make [a demand] if it would be unavailing." *Sadler v. Jorad, Inc., ante* p. 60, 66, 680 N.W.2d 165, 170 (2004). See, also, *Anderson v. Clemens Mobile Homes,* 214 Neb. 283, 333 N.W.2d 900 (1983) (minority shareholder not required to make demand where action would require majority shareholder to require his own accounting to corporation); *Association of Commonwealth Claimants v. Hake, supra* (it is generally accepted rule of corporate law that it is futile to request directors accused of wrongdoing to sue themselves); Carol B. Swanson, *Juggling Shareholder Rights and Strike Suits in Derivative Litigation: The ALI Drops the Ball,* 77 Minn. L. Rev. 1339, 1351 (1993) ("[a]s a general rule, some level of directorial involvement in a challenged transaction excuses demand").

■ However, the record does not reflect that Kubik ever made this argument in the district court. His operative amended petition alleged that a demand was made, not that it was futile, and his arguments to the court focused exclusively on the sufficiency of the demand. This court has previously held that "[i]n order for appellants to state a derivative action, their petition *must* allege the fact that a demand has been made . . . or that such a demand would be futile." (Emphasis supplied.) *Weimer v. Amen,* 235 Neb. 287, 304, 455 N.W.2d 145, 157 (1990). See, also, *Association of Commonwealth Claimants v. Hake,* 2 Neb. App. 123, 131, 507 N.W.2d 665, 670 (1993) ("[w]here no demand was made because it was deemed futile, the petition must state with particularity the facts which excuse such demand").

■ The purpose of pleadings is to frame the issues upon which a cause is to be tried, and the issues in a given case will be limited to those which are pled. *Big Crow v. City of Rushville,* 266 Neb. 750, 669 N.W.2d 63 (2003); *V.C. v. Casady,*

262 Neb. 714, 634 N.W.2d 798 (2001). As a general rule, an appellate court disposes of a case on the theory presented in the district court. *American Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435, 648 N.W.2d 769 (2002). Likewise, an issue not presented to or decided by the trial court is not appropriate for consideration on appeal. *Marcovitz v. Rogers*, 267 Neb. 456, 675 N.W.2d 132 (2004); *State ex rel. City of Alma v. Furnas Cty. Farms*, 266 Neb. 558, 667 N.W.2d 512 (2003). Because the pleadings which were before the district court at the time of its ruling on the demurrer did not raise an issue that demand upon the directors and majority shareholders would have been futile and was therefore excused, the district court was not required or permitted to consider this issue in deciding whether the demurrer should be sustained.

However, as noted above, when a demurrer to a petition is sustained, a court must grant.leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Regier v. Good Samaritan Hosp.*, 264 Neb. 660, 651 N.W.2d 210 (2002); *Northwall v. State*, 263 Neb. 1, 637 N.W.2d 890 (2002). Because we cannot conclusively determine that Kubik would be unable to plead facts upon which a court could find that demand would have been futile and is therefore excused, we conclude that the district court erred in sustaining the demurrer without leave to amend and dismissing the action.

## CONCLUSION

The district court correctly found that Kubik's petition failed to allege that a demand meeting the specificity requirements and giving rise to authority to sue was served upon SCF. However, the district court erred in failing to grant Kubik leave to amend his petition to allege futility. We therefore affirm the district court's order sustaining the demurrer, but reverse the judgment of dismissal and direct that upon remand, Kubik shall have 30 days from entry of our mandate to file an amended petition.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., participating on briefs.

MCCORMACK, J., not participating.