IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

DEGEORGE V. DEGEORGE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JOHN DEGEORGE AND DIGIORGIO'S SPORTSWEAR, INC., APPELLANTS,
V.
TIMOTHY DEGEORGE ET AL., APPELLEES.

Filed December 16, 2012.    No. A-13-1071.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

Brett Ryan, of Watson & Ryan, P.L.C., for appellants.

Scott D. Jochim and Steven Ranum, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appelees.

IRWIN, INBODY, and PIRTLE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

John DeGeorge and Digiorgio's Sportswear, Inc. (Digiorgio's), appeal an order of the district court for Douglas County granting a motion to dismiss filed by the appellees, Timothy DeGeorge, Anthony DeGeorge, and Christopher Tribulato Christopher). John alleged to bring this action both individually and derivatively, as a minority shareholder of Digiorgio's, against the other shareholders and officers of the company. The district court dismissed the complaint on the basis of finding that John had failed to make a sufficient demand upon the defendants detailing the causes of action to be pursued and specifying the facts upon which the charges were based. John appeals from the court's ruling. We find no merit to John's assertions on appeal, and we affirm.

- 1 -

## II. BACKGROUND

This case was resolved on a motion to dismiss. As a result, the record on appeal comprises only the pleadings of the parties, as well as attachments thereto, and a transcription of the very brief hearing on the motion.

John is the owner of 34 percent of the outstanding shares of stock in Digiorgio's, a Nebraska corporation. Timothy and Anthony are each owners of 27 percent of the outstanding shares of stock in Digiorgio's, while Christopher is the owner of 12 percent of the outstanding shares of stock in Digiorgio's. Timothy, Anthony, and Christopher are all employees and officers in Digiorgio's.

John alleges that since 2008, the defendants have "frozen" him out from participation in the operation or management of Digiorgio's. He alleges that he made "repeated verbal and written requests," but that they "have failed and refused to provide [him] access to the books and corporate records from 2010 to the present."

John alleges the defendants have engaged in a variety of misconduct, including not maintaining proper and accurate books, not providing notice of meetings and actions, failing to provide an accounting, wasting assets and diverting them to personal use, and fraud.

In October 2012, John's counsel sent a letter to Digiorgio's and addressing "Mr. DeGeorge." In that letter, John asserted that he had been "frozen out of the company" and that "the other owners are violating the fiduciary duty that they owe to Mr. DeGeorge." John asserted that there had been "misappropriations and waste of company funds to the detriment of its shareholders."

In the October 2012 letter, John indicated that it was to "serve as a formal demand pursuant to Neb. Rev. Stat. § 2[1]-2072 for all financial information relevant to Digiorgio's . . . from January 1, 2009 to the present." He specified that he was requesting "income and expense statements; balance sheets; federal and state tax returns; a list of company assets and liabilities; depreciation schedules;" and Internal Revenue Service forms, as well as "any business valuations or other documents that attempt to value the company." John gave the letter's recipient a deadline of October 19 and indicated that if he had not received a response by that date, he would "proceed with a lawsuit to force [the recipient] to do so."

John apparently did not receive a response to his October 2012 letter, and in June 2013, he filed an "Amended and Substituted Complaint." In the complaint, he made the assertions set forth above and alleged causes of action for declaratory judgment, conversion, accounting, dissolution of the corporation, fraud, money had and received, breach of fiduciary duty, and appointment of a receiver.

The defendants filed a motion to dismiss the amended complaint. The defendants alleged that John had failed to make a sufficient demand pursuant to Neb. Rev. Stat. § 21-2072 (Reissue 2012) in order to properly plead a derivative claim on behalf of Digiorgio's. The defendants also alleged that the complaint lacked sufficient specificity to set forth a proper claim for fraud.

The district court entered an order granting the motion to dismiss. Relying on *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004), the court held that the October 2012 letter "does not comport with the requirements [for a sufficient demand letter] in that while it identifies a Mr. DeGeorge as the individual to be sued it provides no detail regarding the causes of action alleged

and fails to state specific facts upon which the charges are based." The court noted that the defendants had "previously been given an opportunity to file an amended complaint" and dismissed the complaint, this time, with prejudice. This appeal followed.

## III. ASSIGNMENTS OF ERROR

John has assigned four errors allegedly committed by the district court. First, John asserts that the court erred in not finding that no demand was required for an action for accounting. Second, he asserts that the court erred in not finding that demand is excused because demand would have been futile. Third, he asserts that the court erred in ruling that he did not make a sufficient demand. Finally, he asserts that the court erred in dismissing individual claims.

## IV. ANALYSIS

The lower court's dismissal of this action was based upon John's failure to send a proper demand pursuant to § 21-2072 and the Nebraska Supreme Court's holding in *Kubik v. Kubik, supra*.

Section 21-2072 specifies that "[n]o shareholder may commence a derivative proceeding until . . . [a] written demand has been made upon the corporation to take suitable action." In *Kubik v. Kubik, supra*, the Nebraska Supreme Court adopted the principle that, to be legally sufficient, this demand notice and request should set forth the persons to be sued and should describe all the causes of action which it is intended to assert. In addition, the demand must clearly state the corporate wrongs complained of and should state any facts upon which its charges were based. *Id.*

### 1. NECESSITY OF DEMAND FOR ACCOUNTING

John first asserts that the district court should have found that, with respect to his action for accounting, there was no need for him to send a demand pursuant to § 21-2072. John points this court to *Anderson v. Clemens Mobile Homes*, 214 Neb. 283, 333 N.W.2d 900 (1983), as the sole support for his contention that he, as a minority shareholder, is not required to send a demand when he is bringing an action for accounting. John asserts that the district court's failure to accept his argument in this regard is "[o]ne of the more baffling rulings by the District Court." Brief for appellant at 8. We disagree and conclude that John misinterprets the sole authority upon which he relies for this assertion.

In *Anderson v. Clemens Mobile Homes, supra*, the minority shareholder in a two-shareholder corporation brought an accounting action against the majority shareholder. The Supreme Court rejected the majority shareholder's assertion that the minority shareholder could not maintain an action for accounting without proceeding as a derivative action and first seeking to persuade the officers and directors of the corporation to bring the action. The court's holding, however, was premised on the notion that there were only two shareholders and that the minority shareholder was excused from the general rule's requirement that he first demand action by the officers and directors because he was "not required to make such an effort if it would have been unavailing." *Id.* at 287, 333 N.W.2d at 904. Because there were only two shareholders, the court concluded that "[o]ne cannot seriously contend that [the majority shareholder] would have caused an action to be brought requiring that he account to the corporation." *Id.*

Although John is correct that the court held in *Anderson v. Clemens Mobile Homes, supra*, that the minority shareholder in that case was not required to send a demand before maintaining an accounting action, the holding was not that such a demand is not required for accounting actions. Rather, the holding was that on the specific facts of that case the demand was excused because it would have been futile. We also note that *Anderson v. Clemens Mobile Homes, supra*, was decided in 1983, 12 years before § 21-2072 became effective.

We conclude that John's assertion that demand in this case was excused simply because he sought an accounting is meritless.

## 2. FUTILITY

John next asserts that the district court erred in not finding that demand was excused in this case because it would have been futile. He argues that the appellees' actions and the circumstances of the case demonstrate that demanding the appellees to act would have been futile. We find no error.

In *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004), the Nebraska Supreme Court recognized that a shareholder is not required to make a demand if it would be unavailing. Similarly, in *Association of Commonwealth Claimants v. Hake*, 2 Neb. App. 123, 507 N.W.2d 665 (1993), this court recognized that a derivative action can be brought without satisfying the demand requirement if it would have been futile to make demand. In such a situation, the petition must state with particularity the facts which excuse demand. *Id.*

In *Association of Commonwealth Claimants v. Hake, supra*, we also recognized other authority supporting the notion that demand may be excused where shareholders seek to bring a derivative claim alleging wrongdoing by the board of directors. See, *Nussbacher v. Continental Ill. Nat. B. & T. Co., Chicago*, 518 F.2d 873 (7th Cir. 1975), *overruled by Kamen v. Kemper Financial Services, Inc.*, 908 F.2d 1338 (7th Cir. 1990), *reversed* 500 U.S. 90, 111. S. Ct. 1711, 114 L. Ed. 2d 152 (1991); *In re Pittsburgh & Lake Erie R. Co. Sec. & Antitr. Lit.*, 392 F. Supp. 492 (E.D. Pa. 1975). Such a notion applies the generally accepted rule of corporate law which states that it is futile to request directors who are accused of wrongdoing to sue themselves. *Association of Commonwealth Claimants v. Hake, supra*.

On appeal, the appellees rely primarily on the notion that for a shareholder to properly plead a derivative action without a demand, the shareholder must allege that such demand would be futile. See *Kubik v. Kubik, supra*. As noted, the complaint must allege with particularity the facts which would excuse such a demand. *Id.*

In this case, John's complaint includes assertions that each of the appellees is an employee and officer of the corporation and that each owns a percentage of the outstanding shares of stock in the corporation. John asserted that each of the appellees had engaged in a variety of misconduct. John made one assertion in his complaint that specifically referenced futility, asserting that

> [g]iven the defendant's [sic] failure to permit John to have any information or access to [the corporation], plus the defendant's [sic] failure to provide any documents or access thereto as requested by the letter of October 15, the exercise of bringing any further demand pursuant to Neb. Rev. Stat. § 21-207[2] et seq. would be futile.

- 4 -

We agree with the appellees that John failed to plead with particularity the facts which would demonstrate that proper demand is excused in this case. Although John has asserted that the appellees, as officers of the corporation and as the majority shareholders, engaged in a variety of misconduct, he did not plead sufficient facts to demonstrate that this is a situation where a proper demand on the corporation to act would have resulted in a request for the appellees to sue themselves. John did not allege any facts to establish that the appellees are the only officers of the corporation, what offices they hold, or whether they would have been the decisionmakers to act upon a demand for action. John has not established that a proper demand on the corporation would not or could not logically have resulted in the corporation's taking action against the appellees for their alleged misconduct.

Although John alleged that each of the appellees is an officer and that each had engaged in wrongdoing, he did not allege any facts with particularity that would demonstrate that the appellees were the officers who would have been asked to take action upon a proper demand; he did not plead sufficient facts to demonstrate that a proper demand would have amounted to asking the appellees to sue themselves. We find no merit to John's assertion that the court erred in not finding that he established that demand would be futile.

### 3. SUFFICIENCY OF DEMAND

Having found that demand is not categorically excused for accounting actions and that John failed to properly plead sufficient facts to demonstrate that demand was excused as being futile, we turn to John's assertion that the October letter was sufficient to constitute a proper demand. John asserts that the district court erred in finding that the demand was insufficient. We find no error by the district court.

In *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004), the Nebraska Supreme Court addressed the requisite specificity of the demand required by § 21-2072. In that case, the shareholder seeking to bring a derivative action had served a written demand upon the corporation to take a variety of actions, including removal of certain people from the corporation's board of directors, accounting, and bringing legal action against certain board members for alleged misconduct. The demand alleged that certain board members had been negligent in the administration of the corporation, had disbursed corporate funds to themselves without appropriate corporate action, and had caused the corporation to incur certain expenses for their benefit without appropriate corporate action.

The Court concluded that the demand in *Kubik v. Kubik, supra*, was legally insufficient. The court noted that the demand specified the individuals to be sued, but provided no detail regarding the specifications of alleged negligence on the part of those individuals or the date or amounts of any alleged improper disbursements made or expenses incurred. Thus, according to the court, the demand failed to state specific facts upon which its charges were based. The court held that the demand was based on mere conclusions.

In this case, John attached to his amended complaint a copy of a letter sent by his counsel and addressed to Digiorgio's in October 2012. It is this letter that John argues satisfied the demand requirement of § 21-2072. The letter begins with a salutation to "Mr. DeGeorge," but it is not apparent which of the appellees was the intended recipient. The letter then indicates that John "has been frozen out of the company," that "the other owners are violating the fiduciary

duty they owe to Mr. DeGeorge"--presumably John and not the "Mr. DeGeorge" referenced in the salutation--and expresses a "belief that there have been misappropriations and waste of company funds to the detriment of its shareholders." The letter then indicates a "formal demand pursuant to Neb. Rev. Stat. § 2[1]-2072 for all financial information relevant to Digiorgio's . . . from January 1, 2009 to the present." The letter concludes by requesting a response within 4 days and indicates that if such response is not received, then John will "proceed with a lawsuit to force you to do so."

We conclude that the district court did not err in finding that this demand is not sufficient to satisfy the requirements of § 21-2072 and the Nebraska Supreme Court's decision in *Kubik v. Kubik, supra*. Contrary to John's assertion on appeal that "[i]t is difficult to imagine how this request could be made more specific" and that the court's decision that it was not specific enough "defies logic," the October 2012 letter fails to include the necessary details required by *Kubik*. Brief for appellant at 7.

First, the letter does not specify the individuals to be sued. The letter indicates that "the other owners" are violating an unspecified fiduciary duty. But the letter then indicates that "there have been misappropriations and waste of company funds to the detriment of its shareholders." There is no indication in the letter of who is alleged to have engaged in misappropriations and waste of resources. Similarly, the letter indicates that if an adequate response is not received, John will "proceed with a lawsuit to force you to do so," but does not indicate who that lawsuit would be brought against. The letter is addressed to Digiorgio's, but the salutation is directed only to "Mr. DeGeorge," without indicating which of the appellees is being addressed. The combination of the salutation and the closing threat to force "you" to take action suggests that whichever "Mr. DeGeorge" the letter was intended to address might be the party to be sued, but the letter never indicates with any clarity.

Additionally, similar to the demand at issue in *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004), the October 2012 letter provides no detail regarding the specifications of alleged wrongdoing on the part of the alleged wrongdoers or the date or amounts of any alleged misappropriations and waste of resources. The demand fails to state any specific facts that would support any of the eight causes of action actually alleged in John's derivative action.

John's argument on appeal does not directly concede that the demand was insufficient concerning all alleged causes of action other than accounting, but does limit its assertions that the demand was sufficient to arguing that one of his derivative claims was for accounting and that, with regard to the accounting claim, the demand was sufficient. We disagree with this assertion, as well. John asserts on appeal that the letter "specifically and clearly makes a formal demand for an accounting of corporate finances" and that "[i]t states that the reason this demand is necessary is that the addressee, Anthony DeGeorge" (who, as noted above, was not clearly the addressee), "and the other Defendants (who were the only other shareholders at the time) had prevented and precluded [John] from having access to the corporate financial information." We disagree with John's characterization of the October 2012 letter.

The letter does include a "formal demand . . . for all financial information." The letter specifies all of the financial documents that John was demanding be provided. The letter does not, however, include any assertion that anyone had prevented and precluded him from having access to the corporate financial information or that he had made any such request for access to

any such information. The assertion that John had been "frozen out" of the company included no explanation of its meaning, made no reference to having requested any financial information, and made no reference to any denial of access to financial information. The assertion was, simply put, not a statement of "specific facts" to demonstrate the alleged wrong that justified action. See *Kubik v. Kubik, supra*.

Like the alleged demand in *Kubik v. Kubik, supra*, and the alleged demand in *Association of Commonwealth Claimants v. Hake*, 2 Neb. App. 123, 507 N.W.2d 665 (1993), John's alleged demand in this case was, at best, based on mere conclusions. Accordingly, the district court's decision did not defy logic and was not erroneous. John's assertions to the contrary are meritless.

### 4. DISMISSAL OF INDIVIDUAL CLAIMS

Finally, John asserts that the district court erred in dismissing his individual actions because the demand requirement of § 21-2072 applies only to derivative actions and not individual actions. We find no merit to this assertion because it is not apparent that John actually brought any individual claims.

As this court noted in *Association of Commonwealth Claimants v. Hake, supra*, a derivative action is a suit by a shareholder to enforce a cause of action belonging to the corporation. The general rule is that an individual shareholder may not bring an individual action in his own name to recover for wrongs done to the corporation. *Ferer v. Aaron Ferer & Sons Co.*, 278 Neb. 282, 770 N.W.2d 608 (2009). To establish an individual cause of action, the shareholder must allege a separate and distinct injury or special duty owed by the defendant to the individual shareholder. *Klingelhoefer v. Parker, Grossart*, 20 Neb. App. 825, 834 N.W.2d 249 (2013).

In this case, John's amended complaint included nine alleged causes of action, based on allegations of misconduct by the appellees as officers of the corporation. John's amended complaint alleged that the appellees had acted in a manner that is illegal, oppressive, and contrary to the interests of the corporation; had misapplied and wasted corporate assets; had converted money and other assets; had caused or threatened irreparable injury to the corporation; had engaged in fraud; and had breached fiduciary duties based upon their status as shareholders of the corporation. John requested declaratory relief, an accounting, appointment of a receiver, and damages.

On appeal, John asserts that there was "no basis in fact or law" for the district court to dismiss his individual actions. But John has not indicated how his complaint actually asserts any individual causes of action. The allegations raised in the complaint are all against the appellees based on their status as officers and employees of the corporation, and set forth assertions that the actions have harmed the corporation or harmed John as a shareholder of the corporation. It is apparent that the claims are all claims asserted by John on behalf of the corporation, as derivative claims. John has not demonstrated that he alleged any separate and distinct injury or any special duty owed to him, aside from the rights of the corporation.

We note that in paragraph 18f of the complaint, John asserted that "John is entitled to an award of damages against defendants, and each of them, individually, and in favor of John, for Leick's intentional and fraudulent actions." Similarly, in paragraph 24 of the complaint, John asserted that "Leick has misapplied and wasted, and continue[s] to misapply and waste, [the

corporation's] assets." There is no indication who "Leick" is or how he or she might be related to any of the issues raised in this case. The named defendants are Timothy DeGeorge, Anthony DeGeorge, and Christopher Tribulato. The portion of the complaint setting forth the parties makes no reference to any party named "Leick." The portion of the complaint setting forth general allegations, including the background of the case and general allegations of wrongdoing, makes no reference to any party named "Leick." In short, we have no idea who "Leick" is or what relation "Leick" has to any of the allegations in this case.

We find no merit to John's assertion that the district court erred in dismissing his individual causes of action, because we conclude that John did not assert any individual causes of action. Thus, there was no error in dismissing the complaint in its entirety.

## V. CONCLUSION

We find no merit to John's assertions on appeal. The order of the district court dismissing his complaint is affirmed.

AFFIRMED.