IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

WERNER V. WERNER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ANDREW R. WERNER, APPELLEE AND CROSS-APPELLANT,

V.

STEPHANIE L. WERNER, NOW KNOWN AS STEPHANIE L. ERICKSON,
APPELLANT AND CROSS-APPELLEE.

Filed August 4, 2020.    No. A-19-872.

Appeal from the District Court for Sarpy County: NATHAN B. COX, Judge. Affirmed.

John A. Kinney and Jill M. Mason, of Kinney Mason, P.C., L.L.O., for appellant.

Mark S. Bertolini, of Bertolini, Schroeder & Blount, for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## I. INTRODUCTION

In 2010, the Sarpy County District Court entered a decree of dissolution which dissolved the marriage of Andrew R. Werner and Stephanie L. Werner, now known as Stephanie L. Erickson. The parties were granted joint physical custody of their two children; Stephanie was ordered to pay child support. In August 2017, under a consent order, primary physical custody of the younger child was awarded to Stephanie and that child was allowed to move with her to the state of Minnesota; the older child was to remain in the state of Nebraska with Andrew to finish high school. There was no modification of child support, but the order specifically stated that no party was to pay child support for either child as of April 1, 2019.

In September 2018, Stephanie moved to modify the prior orders, seeking control of the children's college savings accounts, child support from Andrew because their younger child would

- 1 -

not turn 19 years old until 2022, and termination of her child support duty for their older child who had begun attending college in the state of Washington. The district court found the evidence did not establish a material change in circumstances which would support the modifications requested. Stephanie appeals the child support rulings. Andrew cross-appeals the district court's decision to not award him attorney fees and costs. We affirm.

## II. BACKGROUND

Andrew and Stephanie wed in 1996, and two children were born of the marriage, namely: Joseph W., born in March 2000, and Jacob W., born in April 2003. On December 7, 2010, the district court entered a decree dissolving the parties' marriage and resolving other issues. As relevant to this appeal, the parties were awarded joint physical custody of their children and Stephanie was ordered to pay child support in the amount of $887 per month. Andrew was "designated the custodial parent of the minor children's accounts/funds."

At some point after the entry of the decree, Stephanie remarried and had two children with her new husband, and Andrew remarried and had two children with his new wife.

In January 2017, Stephanie filed a complaint to modify the decree because her current husband needed to move to another state to work in his "chosen specialty" as a physician. Stephanie sought to remove Jacob to Minnesota with her, but indicated that Joseph desired to finish high school in Nebraska. Andrew filed an answer, asking for dismissal of Stephanie's motion, but also set forth a "Cross-Complaint" for modification of the decree to increase Stephanie's child support obligation, alleging that since the entry of the decree she had a new job and earned more income.

On August 11, 2017, the district court entered an order modifying the decree. The order noted that all matters in dispute had been resolved by the parties prior to the presentation of any evidence. Stephanie was granted permission to remove Jacob to Minnesota and was awarded primary physical custody of him. Andrew was awarded primary physical custody of Joseph, who was to remain in Nebraska to finish his senior year of high school. The parties were awarded joint legal custody of Jacob and Joseph.

A parenting plan was attached to the modification order. Each parent was provided parenting time with the son not living in that parent's residence. Regarding child support, the modification order stated:

> The parties have agreed that no change to child support for two minor children shall be ordered and the current court order [(Stephanie paying $887 per month)] shall remain in full force and effect related to child support for two children. At the time that [Joseph] reaches the age of majority or another condition occurs whereby there is only one minor child at issue for support purposes there shall be no child support payable from one party to the other. To the extent that the above is a downward deviation from the rebuttable presumption of a standard application of Nebraska Child Support Guidelines, the Court finds that said deviation is warranted and justified based upon the travel costs of [Andrew] related to the removal issues[.] . . . In summary, the child support payable from [Stephanie] to [Andrew] shall continue to be $887.50 [sic] per month. It is anticipated that [Joseph]

shall turn 19 in March, 2019. Commencing with the payment due April 1, 2019, no child support shall be paid by either party.

Slightly over a year later, on September 11, 2018, Stephanie filed a "Complaint/ Application for Modification of Decree." She alleged that there had been the following substantial and material changes in circumstances warranting a modification to the decree: (1) Andrew refused to pay for Joseph's college expenses and (2) her financial circumstances had "changed" since entry of the modification order in 2017. Stephanie asked that the children's "529 accounts" be transferred from Andrew's control to her control, or that those accounts be designated for the parties' children's education only. Stephanie requested that Andrew be required to pay child support, commencing October 1, 2018, because Jacob would not reach age 19 until April 2022. Further, Stephanie asked for immediate termination of her child support obligation for Joseph, who was attending a private college in Washington, or, alternatively, to send such child support directly to Joseph's college until the termination date under the modification order.

In October 2018, Andrew filed a motion to dismiss Stephanie's modification action on the ground that it failed to state a claim upon which relief could be granted. He alleged that there had been no unanticipated changes in circumstances to justify Stephanie's complaint. According to a journal entry and order entered by the district court in November, Andrew's motion to dismiss was denied following a hearing on the matter. Later that month, Andrew filed an answer. In February 2019, Andrew filed an amended answer in which he denied the material allegations in Stephanie's filing. He also set forth several affirmative allegations. Andrew asked the district court to dismiss Stephanie's complaint at her own costs and to order Stephanie to pay his attorney fees and costs.

Trial took place on July 24, 2019. Each party testified. Various exhibits were received in evidence. At the outset of trial, Andrew's counsel orally moved for a continuance, which was overruled. After Stephanie rested her case, Andrew moved to dismiss all or part of the case; his motion was overruled. Andrew then put on evidence. The matter was taken under advisement.

On August 13, 2019, the district court entered an order denying Stephanie's complaint to modify the decree in its entirety. The district court found that there had been no material change in circumstances warranting modification. Each party was ordered to pay his or her own attorney fees and costs.

Stephanie appeals, and Andrew cross-appeals.

### III. ASSIGNMENTS OF ERROR

Stephanie claims the district court erred by (1) failing to award her child support for Jacob and (2) failing to terminate her child support obligation for Joseph.

On cross-appeal, Andrew claims the district court abused its discretion by failing to award him attorney fees and costs.

### IV. STANDARD OF REVIEW

Modification of child support is entrusted to the discretion of the trial court. *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018). An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an

abuse of discretion. *Id*. In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. *Id*. When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions. *Id*.

In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014).

A judicial abuse of discretion requires that the reasons or rulings of the trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Moore v. Moore*, 302 Neb. 588, 924 N.W.2d 314 (2019).

V. ANALYSIS

1. STEPHANIE'S APPEAL

Stephanie disagrees with the district court's decision to not modify the prior child support orders for Jacob and Joseph. The last modification order was entered in August 2017, with the parties' consent to its contents.

A party seeking to modify a child support order must show a material change in circumstances that (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered. *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018). Among the factors to be considered in determining whether a material change of circumstances has occurred are changes in the financial position of the parent obligated to pay support, the needs of the children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction in income, and whether the change is temporary or permanent. *Id*. The paramount concern in child support cases, whether in the original proceeding or subsequent modification, remains the best interests of the child. See *id*. The party seeking the modification has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification and that the best interests of the child are served thereby. *Id*.

In support of her request that the district court modify the decree to order Andrew to pay child support for Jacob and to terminate her child support for Joseph, Stephanie's complaint set forth two alleged material changes in circumstances: Andrew's refusal to pay for Joseph's college expenses and her own changed financial circumstances. We will first address Stephanie's child support modification request as to Jacob, followed by her request related to Joseph.

(a) Child Support for Jacob

Stephanie claims the district court should have ordered Andrew to pay child support for Jacob. In denying her request, the district court found that the August 2017 modification order "contemplated the future circumstances of the parties" and mandated that no child support would be paid by either party beginning with the payment due on April 1, 2019. On appeal, Stephanie does not dispute the district court's decision denying modification of child support for Jacob under either of the alleged material changes in circumstances stated in her complaint or any other basis. Rather, Stephanie argues only that Andrew's planned move to Minnesota was a substantial and

material change in circumstances. Although this change in circumstances was not pled in her complaint, Stephanie contends that before Andrew presented his case, he and his attorney were aware that "the issue of Andrew's move had taken center stage." Brief for appellant at 6.

There is no question that under the August 2017 modification order, the parties explicitly agreed that Stephanie would continue to pay child support for Jacob and Joseph as ordered under the decree until April 1, 2019, at which point "no child support" would be paid "by either party." This agreement was made with the anticipation that Joseph would turn 19 years old in March and with the understanding that to the extent the termination of all child support in April resulted in a "downward deviation" from the rebuttable presumption of the Nebraska Child Support Guidelines, such a deviation was warranted given Andrew's "travel costs" related to "removal issues" with Stephanie being allowed to remove Jacob to Minnesota. As reflected in both the original decree in 2010 and the August 2017 modification order, Jacob would not turn 19 years old until 2022. It is clear that under the August 2017 modification order, the parties contemplated that Jacob would still be a minor on April 1, 2019, and that Jacob would remain in the primary physical custody of Stephanie for the foreseeable future. Nevertheless, the parties agreed that Andrew would not owe child support for Jacob at that time in light of the travel costs which Andrew was expected to incur to exercise his parenting time with Jacob.

Stephanie contends that because Andrew intended to move to Minnesota, the "sole reason" for the downward deviation awarded for his travel costs was "gone" by the time of trial. Brief for appellant at 6. However, the district court did not consider Andrew's plan to move to Minnesota when deciding this issue because it limited trial to only those matters raised in the pleadings.

The purpose of pleadings is to frame the issues upon which a cause is to be tried, and the issues in a given case will be limited to those which are pleaded. *Big Crow v. City of Rushville*, 266 Neb. 750, 669 N.W.2d 63 (2003). A pleading serves to eliminate from consideration those contentions which have no legal significance and to guide the parties and the court in the conduct of cases. *Welsch v. Graves*, 255 Neb. 62, 582 N.W.2d 312 (1998). As a general rule, an appellate court disposes of a case on the theory presented in the district court. *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004). Likewise, an issue not presented to or decided by the trial court is not appropriate for consideration on appeal. *Id.* Stephanie seems to be aware that she failed to raise in her complaint the issue of whether Andrew's pending move was grounds for modification of child support. She urges this court to find that the issue was tried by the parties' consent such that amendment of the pleadings would have been appropriate.

Under Neb. Ct. R. Pldg. § 6-1115(b), when unpleaded issues are tried by express or implied consent of the parties, they are to be treated in all respects as if they had been raised in the pleadings. The key inquiry of § 6-1115(b) for "express or implied consent" is whether the parties recognized that an issue not presented by the pleadings entered the case at trial. See *Blinn v. Beatrice Community Hosp. & Health Ctr.*, 270 Neb. 809, 708 N.W.2d 235 (2006).

Express consent may be found when a party has stipulated to an issue or the issue is set forth in a pretrial order. *Id.* Implied consent may arise where the claim is introduced outside of the complaint, in another pleading or document, and then treated by the opposing party as if pleaded. *Id.* Consent may also be implied if during the trial the party acquiesces or fails to object to the introduction of evidence that relates only to that issue. *Id.* Implied consent may not be found if the

opposing party did not recognize that new matters were at issue during the trial. *Id.* The pleader must demonstrate that the opposing party understood that the evidence in question was introduced to prove new issues. *Id.*

At the start of trial, Andrew's counsel stated that as of "just recently" Andrew and his wife were in the process of moving from Nebraska to Minnesota. Andrew's counsel moved for a continuance to be able to seek a modification of the "parenting plan and some other financial obligations"; counsel also mentioned Jacob's flights which Stephanie had to pay for that would "no longer be necessary." Stephanie's counsel opposed the motion, finding it to be an "inappropriate" "last-hour attempt to inject custody and parenting time issues into the case." As a result of Stephanie's objection, the district court ruled that "with regard to the issues that are currently pled and before the Court, we'll proceed with the trial here today"; the court would address "any additional issues" as they were "filed." The "additional" issue of Andrew's pending move and its impact on the parties parenting time and financial obligations was therefore specifically excluded in the current proceedings by the district court since it had not been pled.

Accordingly, we need not consider whether there was express or implied consent by the parties to reach issues outside the pleadings because, as a result of Stephanie's objection to Andrew's attempt to continue trial, the district court specifically limited the trial to the issues pled. Stephanie cannot now argue that the court abused its discretion by not factoring in Andrew's pending move when her own objection at the commencement of trial resulted in a ruling that excluded consideration of any matters not raised in the pleadings. A party cannot complain of error which the party has invited the court to commit. *Linda N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014).

(b) Child Support for Joseph

Stephanie claims the district court should have terminated her obligation to pay child support for Joseph for the period of October 1, 2018, to April 1, 2019. In her complaint, she had sought immediate termination of her child support obligation for Joseph because he had begun attending college in Washington. On appeal, Stephanie complains that Andrew did not present any evidence that he was financially contributing to Joseph's expenses from the time when Joseph left for college in August 2018.

According to Stephanie's trial evidence, she primarily paid for the tuition and housing expenses for Joseph's first year of college; she asserted that she paid about $25,293 of those expenses. Joseph had received almost $20,000 in scholarships and grants; loans covered almost $3,500 of the expenses; and Joseph paid $3,000. The college savings account, of which Andrew was the custodian pursuant to the decree, paid for about $3,271 of the expenses. Stephanie said that she "100 percent" funded the college savings account during the parties' marriage; Andrew disagreed that the contributions during the marriage were all from her income but acknowledged that the account had not been funded since the parties' divorce. Andrew said the accounts had "just grown on their own since the divorce."

Stephanie also testified about numerous other expenses she incurred for Joseph's benefit after he graduated from high school. However, the fact that Stephanie agreed to pay for substantial

costs associated with Joseph's college education does not by itself create a material change in circumstances warranting the modification of a dissolution decree.

A party seeking to modify a child support order must show a material change in circumstances that (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered. *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018). The district court found that it was "irrelevant" to the issue of child support that Joseph was at school for the last months of his minority; his leaving home to attend college did not qualify as a reason for early termination of Stephanie's child support obligation for him. The district court stated, "Parental responsibility continues until the child reaches the age of majority" and "[l]eaving to attend college does not qualify as a reason child support should terminate." The district court found there was no material change in circumstances supported by the evidence presented.

We agree with the district court that Joseph leaving to attend college does not constitute a material change in circumstances. The fact that Joseph would commence college while still a minor and that child support would be paid during a large part of his freshman year of college was a fact that should have been reasonably contemplated by the parties at the time of the August 2017 modification order. And at that time, they both agreed that child support would continue through March 2019 (when Joseph turned 19), after which time neither party would pay child support. We cannot say the district court abused its discretion by determining that there was no material change in circumstances warranting modification of child support simply because Joseph commenced college.

But even if we concluded that Stephanie's substantial voluntary contributions to Joseph's education were not contemplated by the parties in August 2017 and could have constituted a material change in circumstances, we would reach the same result. This is because credit for such additional voluntary support beyond court-ordered child support is not generally granted. When overpayments of child support are voluntarily made outside the terms of a court order, the general rule is that no credit is given for those payments. *Jensen v. Jensen*, 275 Neb. 921, 750 N.W.2d 335 (2008). That is the general rule even if the voluntary overpayments of child support are made under a mistaken belief that they are legally required. See *Palagi v. Palagi*, 10 Neb. App. 231, 627 N.W.2d 765 (2001).

Exceptions are made to the general rule when the equities of the circumstances demand it and when allowing a credit will not work a hardship on the minor children. See *id.* There is no evidence or suggestion that the resolution of this dispute will cause Joseph hardship. The question at issue is whether the equities demand that Stephanie be given credit for the various payments for Joseph's support previously mentioned.

In *Palagi v. Palagi, supra*, this court rejected the father's request for a child support credit for college expenses paid for his minor daughter. We found that the father knowingly and voluntarily paid those additional large expenses in spite of his ex-wife's declination to accept those payments toward the child's education in lieu of his remaining support obligation. The record revealed that the father did not view paying for his daughter's education as a burden; rather, he was predisposed all along to fund her college education. While noting that the payment of college expenses is laudable and normally beyond a parent's legal obligation, we concluded that there was

no evidence that the payments were a hardship for the father such that the equities demanded that he receive a credit. In response to the father's argument that his ex-wife used child support checks to fund her new life with her new husband, we noted the claim lacked evidentiary support; the ex-wife spent about $625 per month on the child's behalf while the child attended college and the ex-wife maintained the child's place at home.

In the present matter, neither the decree nor the August 2017 modification order mandated either party to pay for Joseph's college expenses. During trial, Stephanie acknowledged that the provision in the decree making Andrew the custodian of the college savings accounts did not include requirements regarding contributions. Stephanie conceded that when she agreed that Joseph could go to the private college in Washington, she did not have any assurance from Andrew that Andrew would contribute to college expenses. There was no evidence of an agreement between the parties related to if or how they would pay for those expenses. Stephanie knowingly and voluntarily paid for the expenses that related to Joseph's freshman year of college.

Like the father in *Palagi v. Palagi, supra*, the record supports that Stephanie was predisposed to fund Joseph's college education. By her own account, she alone funded the college savings account during the parties' marriage. After entry of the decree, Stephanie established additional accounts for the parties' children's college expenses. Further, the record refutes that Stephanie experienced any hardship by paying for most of Joseph's college-related expenses along with paying child support on his behalf. Stephanie and her husband are both doctors. Stephanie earns a substantial income, as does her husband. Further, Stephanie acknowledged that the joint tax returns showed that she and her husband were making more money each year.

Additionally, there was evidence that Andrew, a public high school teacher, continued to provide support or incur expenses related to Joseph even after Joseph commenced college in Washington. For example, Andrew said he visited Joseph in Washington in October 2018 and bought things that Joseph needed for his dormitory room or "things along those lines." Andrew's bank account statements in evidence reflect that he made purchases in Washington at that time at department and office supply stores, restaurants, and a campus bookstore. Andrew's parenting of and financial support for Joseph did not cease simply because Joseph started college.

Although the evidence demonstrated that Stephanie was laudably providing substantial direct support to Joseph to meet his college needs, even if we were to conclude Stephanie established a material change in circumstances since the entry of the August 2017 modification order, we cannot conclude that the equities of the circumstances in this case demand that Stephanie receive a credit against her child support for those voluntary contributions. Therefore, the district court did not abuse its discretion in denying Stephanie's request for early termination of child support for Joseph.

## 2. ANDREW'S CROSS-APPEAL

In his brief on cross-appeal, Andrew claims the district court erred by not awarding him attorney fees and costs incurred in defending against Stephanie's present complaint.

In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014)

Although Andrew was the prevailing party under the court's August 13, 2019, order, we cannot say the district court abused its discretion by ordering each party to pay his or her own attorney fees and costs. While it is true that the present action was filed only slightly over a year after the entry of the August 2017 modification order, the evidence demonstrates that new issues arose between the parties related to costs associated with Joseph starting college in Washington. Stephanie and Andrew disagreed about how much of the college savings funds, which were held under Andrew's control, should be applied to those costs. Therefore at the time Stephanie sought to modify child support in September 2018, she was paying child support to Andrew while simultaneously paying the majority of the costs associated with Joseph's commencement of college. Her attempt to seek a termination of child support was not wholly without merit. And while we could not say the district court abused its discretion by declining to terminate child support as requested, we likewise cannot say the district court abused its discretion in its decision to make each party responsible for his or her own attorney fees and costs.

## VI. CONCLUSION

For the reasons set forth above, we affirm the district court's August 13, 2019, order in its entirety.

AFFIRMED.